ORIGINAL

FILED
U.S. DISTRICT COURT

2008 OCT -7 AM 8: 13

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| NOBLE BLACKERBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 308-091 |
| | ) | |
| THURBERT BAKER, Attorney General, | ) | |
| and PHILLIP WEST, Judge, Dodge | ) | |
| County Superior Court,[1] | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Dodge State Prison in Chester, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** and that this action be **DISMISSED** without prejudice.

### I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

---

[1] The Court notes that Dodge County Superior Court is listed as a defendant on the Court's docket. However, Plaintiff has not raised any claims against Dodge County Superior Court, and its appearance on the front page of Plaintiff's complaint appears to be a designation referring to Defendant West. Thus, the **CLERK** is **DIRECTED** to **TERMINATE** "Dodge County Superior Court" from the list of Defendants on the docket.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (1) Blackerby v. Donald, CV404-231 (N.D. Ga. June 23, 2005) (dismissed for failure to state a claim for § 1983 relief); (2) Blackerby v. O'Donnell, CV407-116 (N.D. Ga. July 31, 2007) (dismissed as frivolous); (3) Blackerby v. Purdue, CV107-1728 (N.D. Ga. Oct. 2, 2007) (dismissed for failure to state a claim for § 1983 relief).[3] As Plaintiff

---

[2] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

[3] Plaintiff has amassed several more strikes in the Northern District of Georgia based on § 1983 cases he filed against persons that were apparently involved in his arrest, criminal prosecution, and subsequent cooperation with law enforcement officials during his

2

filed a complaint that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted in each of the cases cited above, these previously dismissed cases qualify as strikes under § 1915(g). Plaintiff has at least three strikes under § 1915(g). Therefore, he cannot proceed *in forma pauperis* in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. No Allegation of "Imminent Danger"

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). In his complaint, Plaintiff fails to raise any allegations that he is in any imminent danger. Specifically, Plaintiff alleges that the state was granted several continuances in his habeas corpus proceeding because it did not have documents regarding Plaintiff and that the attorney for the state, whom he names as Daniel King, perjured himself at one of the hearings. (Doc. no. 1, p. 3). He also alleges that Judge West has delayed over thirty (30) days in ruling on Plaintiff's "habeas corpus hearing" and motion for default judgment. (Id. at 4).[4] Therefore, since Plaintiff has failed to make any allegations that he is

---

incarceration regarding other ongoing investigations.

[4]Although Plaintiff is complaining about his state habeas proceedings, he is not attempting to attack the validity of his conviction in this case. Rather, he contends that the events complained of denied him due process and other constitutional rights. (Doc. no. 1, p. 4). Further, Plaintiff does not seek release from incarceration, the relief afforded under § 2254, but instead seeks compensatory and punitive damages for his "pain and suffering." (Id.); cf. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks

3

in imminent danger, he should not be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

C.  **Dishonesty in Complaint**

Moreover, the form complaint Plaintiff used to commence this case, "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 in the United States District Court for the Northern District of Georgia," requires that prisoner plaintiffs disclose whether they have brought other federal lawsuits while incarcerated and the disposition of any such suits. (Doc. no. 1, pp. 1-2). Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with facts other than those in this action, Plaintiff declared, under penalty of perjury, that he has not brought any lawsuits in federal court other than this action. (Id. at 1, 5).

Of course, as noted above, Plaintiff has indeed filed several cases in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, namely CV404-231, CV407-116, and CV107-1728. Simply put, Plaintiff's answers to the questions regarding his prior history of filings are improper, and he has lied, under penalty of perjury, about these prior filings.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

---

is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus").

4

The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731, *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007) (citations omitted).[5]

In sum, Plaintiff has accumulated three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g); thus, he fails to demonstrate that

---

[5] The court in Parker thoughtfully ruled as follows:

> The sophistication of [p]laintiff's substantive arguments and his knowledge of the procedural rules convince this Court that [p]laintiff understands the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that [p]laintiff must be forced to conform to acceptable standards in approaching this Court.
>
> This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here [p]laintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."
>
> Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and warn [p]laintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for [p]laintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

Rivera v. Parker, Case No. 96-325-Civ-J-10, doc. no. 4 (M.D. Fla. May 2, 1996).

he should be excused from paying the full filing fee. Furthermore, even if Plaintiff were allowed to proceed IFP, the above-captioned case would still be subject to a recommendation of dismissal as a sanction because he has abused the judicial process by providing dishonest information about his filing history.

### III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED AND RECOMMENDED this 7th day of October, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE